[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 23-11719

Non-Argument Calendar

————————————————

ALEYDA DE LEON CIFUENTES,
ANGEL ESTUARDO HERNANDEZ DE LEON,

Petitioners,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

————————————————

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A209-907-437

_____

Before NEWSOM, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Aleyda De Leon Cifuentes and her son seek review of the order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of her application for asylum and withholding of removal. De Leon Cifuentes argues that the BIA and IJ erred in finding that she failed to establish a sufficient nexus between her asserted particular social groups and the domestic violence she suffered from her husband. Following review of the record and applicable law, we deny De Leon Cifuentes's petition for review.

## I.    FACTUAL BACKGROUND & PROCEDURAL HISTORY

In January 2017, De Leon Cifuentes and her son, citizens of Guatemala, applied for admission without entry documents in Texas. The Department of Homeland Security ("DHS") served them with a Notice to Appear, charging them as removable under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as immigrants who, at the time of application for admission, did not possess the required entry or travel documents. Through counsel, they conceded removability as charged.

23-11719                Opinion of the Court                3

De Leon Cifuentes then filed an application for asylum and withholding of removal.[1]  In her application, she stated that her husband, who was also her son's father, had physically and emotionally abused her from 2009 to 2016.  She stated that she feared that her husband would kill her if she returned to Guatemala based on his past threats.

In support of her application, De Leon Cifuentes provided a written statement outlining the abuse she suffered by her husband. She stated that she met her husband in 2009, they married in 2010, and she gave birth to her son in September 2010.  In 2012, her husband began going out, cheating on her, and coming home drunk. When she confronted her husband about his cheating, he physically assaulted her.  In October 2012, after a bad fight, she and her son left their home to live with her parents, but she returned eight days later.

Due to financial trouble, De Leon Cifuentes's husband left Guatemala for the United States, where he ultimately became incarcerated.  When her husband returned to Guatemala in December 2013, a friend told her that her husband thought De Leon Cifuentes had cheated on him during his incarceration.  In January

---

[1] De Leon Cifuentes and her son also filed for protection under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT").  However, we will not review the denial of CAT relief because she failed to present any arguments challenging the denial. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) ("When an appellant fails to offer argument on an issue, that issue is abandoned.").

2014, he confronted her about the rumor, disbelieved her denial, and began drinking and calling De Leon Cifuentes derogatory names. He continued to abuse De Leon Cifuentes emotionally, physically, and sexually until she left him in September 2014.

When De Leon Cifuentes first left her husband in September 2014, she moved to the capital city and lived with her sister. De Leon Cifuentes's husband began calling her and threatening her and her family, so she decided to return to him, but the mistreatment continued. In September 2014, on her son's birthday, her husband returned to the house drunk and threw things at her, yelled at her, and beat her. Shortly thereafter, she filed for separation from her husband. After she filed for separation, De Leon Cifuentes's husband began calling her, her family members, and her workplace with threatening messages. She then decided to leave Guatemala.

In support of her application, De Leon Cifuentes also submitted a report she had filed with the District Attorney victim's office in Guatemala, which reiterated that she suffered from domestic abuse. In that report, she recounted that her husband called her derogatory names, accused her of infidelity, and told their son that the way he treated her was the way her son should treat all women. She also submitted her psychological evaluation she had performed for the District Attorney's office, in which she again recounted her husband's abuse.

De Leon Cifuentes also filed documents about domestic violence against women in Guatemala, which outlined Guatemala's

23-11719              Opinion of the Court                    5

issues in protecting women from gender-based violence.  Finally, she filed a memorandum in which she stated that she was a part of the following particular social groups[2]—Guatemalan women, Guatemalan women viewed as property, Guatemalan women in domestic relationships, and Guatemalan women who openly adhere to feminist ideologies.

The IJ held a hearing to consider De Leon Cifuentes's application for asylum and withholding of removal.  There, De Leon Cifuentes testified and again outlined the abuse she suffered from her husband, noting that her husband was physically abusive and falsely accused her of being unfaithful to their marriage. She also testified that, after she separated from her husband, she obtained a restraining order against him.  The order helped, but her husband continued to call her and her family members to threaten them.  After the order expired, her husband continued intimidating her and sending her letters, which prompted her to take out another order.

De Leon Cifuentes reiterated that her husband followed her around to her jobs and caused her to lose employment opportunities.  She believed that her husband threatened her because she was his wife and because he thought she was his property and could do whatever he wanted with her.

---

[2] In her memorandum to the IJ, De Leon Cifuentes outlined five specific social groups, but in her petition for review, she only relies on the above stated four.

On cross-examination, De Leon Cifuentes said her husband was a jealous man, and part of the reason he abused her was because he was under the mistaken belief that she had cheated on him. She stated he was an alcoholic and was often drunk when he abused her. She explained that when their relationship began, everything was good, and that things started going badly in their relationship after he returned from being imprisoned in the United States.

Ultimately, the IJ denied De Leon Cifuentes's application for asylum and withholding of removal. In his oral decision, the IJ acknowledged that De Leon Cifuentes had been a victim of domestic violence. However, the IJ found that it was unclear whether the domestic violence rose to the level of persecution. The IJ then found that each of her listed social groups were not cognizable because they were overbroad and lacked social distinction. Then, the IJ found that, even if De Leon Cifuentes's social groups were cognizable, that she failed to establish a sufficient nexus between them and the harm she suffered. The IJ found that the evidence presented demonstrated that De Leon Cifuentes suffered from private acts of domestic violence, and that the evidence did not demonstrate that De Leon Cifuentes's husband was motivated in whole or in part by De Leon Cifuentes's membership in those social groups.

In announcing the decision, the IJ cited to *Matter of A-B-*, 27 I&N Dec. 316 (A.G. 2018) ("*Matter of A-B- I*"), for the proposition that evidence consistent with private acts of violence did not

establish that the noncitizen suffered persecution on the basis of a protected ground. The IJ also cited to *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1258 (11th Cir. 2006), for the same proposition, and did not rely on *Matter of A-B- I* in making its nexus finding.

De Leon Cifuentes appealed the IJ's decision to the BIA, arguing, among other things, that the IJ erred in finding she was not harmed on account of her membership in a particular social group. She also took issue with the IJ citing to *Matter of A-B- I* in its decision, explaining that the case was no longer valid.

Ultimately, the BIA affirmed the IJ's decision, finding that, even if De Leon Cifuentes had established membership in cognizable particular social groups, the IJ did not clearly err in finding that her husband had general criminal motives when threatening and harming her, as opposed to harming her due to a protected ground. The BIA agreed with the IJ that De Leon Cifuentes did not establish that any past or feared harm was or would be on account of her membership in a particular social group. It acknowledged that the IJ cited to *Matter of A-B- I*, but explained that the vacatur of that decision did not affect the outcome of the case because the IJ did not exclusive rely on it and the BIA only applied current law in affirming the IJ's decision. De Leon Cifuentes's petition for review followed.

## II.    DISCUSSION

We review only the BIA's decision, except to the extent that the BIA expressly adopted the IJ's decision. *Sanchez-Castro v. U.S. Att'y Gen.*, 998 F.3d 1281, 1285 (11th Cir. 2021). We review legal

conclusions *de novo* and review factual findings for substantial evidence. *Perez-Zenteno v. U.S. Att'y Gen.*, 913 F.3d 1301, 1306 (11th Cir. 2019). Under the substantial evidence standard, we view the evidence in the light most favorable to the agency's decision, draw all reasonable inferences in favor of that decision, and affirm the BIA's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* (internal quotation marks omitted). To reverse the agency's fact findings, we "must find that the record not only supports reversal, but compels it." *Id.* (internal quotation marks omitted). "[T]he mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the [agency's] findings." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (*en banc*).

The noncitizen bears the burden of establishing that she is entitled to asylum, which requires her to establish, with specific and credible evidence, that: (1) she suffered past persecution on account of a statutorily protected ground; or (2) she has a well-founded fear that she will be persecuted on account of a statutorily protected ground. *Perez-Zenteno*, 913 F.3d at 1307; 8 C.F.R. § 1208.13(a), (b). The statutorily protected grounds include, among other things, membership in a particular social group. 8 U.S.C. § 1158(b)(1)(B)(i).

The noncitizen must establish a nexus between the feared persecution and a statutorily protected ground by demonstrating that one of the protected grounds was or will be at least one central reason for persecuting her. 8 U.S.C. § 1158(b)(1)(B)(i). To show

that a protected ground is "at least one central reason" for persecution, an asylum applicant must show the protected ground "is essential to the motivation of the persecutor," meaning it is not "incidental, tangential, superficial, or subordinate to another reason for harm." *Sanchez-Castro*, 998 F.3d at 1286 (internal quotation marks and citations omitted).

In *Matter of A-B- I*, the Attorney General considered whether and when being a victim of private criminal activity could constitute a cognizable particular social group for purposes of asylum and withholding of removal. 27 I&N at 317. The Attorney General concluded that, while there may be exceptional circumstances when private crime victims could meet the particular social group and nexus requirements, they must show that membership in a group that exists independently of the underlying harm, and show the persecutors harmed them on account of their membership in the group rather than for personal reasons. *Id.* A few years later, the Attorney General, in *Matter of A-B-*, 28 I&N 307, 307-08 (A.G. 2021) ("*A-B- III*"), vacated *Matter of A-B- I* to allow the Department of Justice and DHS an opportunity address through regulation the question of when a person should be considered a member of a particular social group. Nevertheless, the law of this Circuit states that evidence "consistent with acts of private violence," or evidence merely showing the noncitizen "has been a victim of criminal activity," is insufficient to support a finding that the noncitizen faced persecution based on a statutorily protected ground. *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1258 (11th Cir. 2006).

A noncitizen is eligible for withholding of removal if she shows that, upon return to her country, she will be persecuted in that country because of a protected ground, such as her membership in a particular social group.  8 U.S.C. § 1231(b)(3).  Withholding of removal contains the same nexus requirement as asylum.  *Sanchez-Castro*, 998 F.3d at 1286.  The standard for withholding of removal is more stringent than that for asylum, meaning if the noncitizen fails to meet the standard of proof for asylum, she necessarily cannot meet the standard for withholding of removal.  *Rodriguez Morales v. U.S. Att'y Gen.*, 488 F.3d 884, 891 (11th Cir. 2007).

In her petition for review, De Leon Cifuentes argues that the BIA and IJ erred in concluding that she failed to sufficiently establish a nexus between her particular social groups and the violence she suffered.  She asserts that her husband's "general criminal motives" sufficiently supported her application for asylum and withholding of removal.

As an initial matter, to the extent De Leon Cifuentes argues that the BIA and IJ erred in relying on *A-B- I* in their nexus analyses, such argument is misplaced.  Regardless of *A-B- I* being overruled, the BIA did not rely on the case, and the IJ did not solely rely upon it, and both the BIA and IJ relied on still-valid precedent in coming to its conclusions.

As to the merits, the IJ found De Leon Cifuentes' statements regarding the repeated instances of verbal and physical abuse she experienced in Guatemala to be credible.  However, the evidence she presented also showed that her husband's mistreatment usually

23-11719               Opinion of the Court               11

occurred when he was drunk, and that many of his violent episodes were motivated by his jealousy. There was no evidence to support De Leon Cifuentes' contention that she was being persecuted based, centrally, on her identity as a Guatemalan woman within the particular social groups she tried to carve out. *Sanchez-Castro*, 998 F.3d at 1286. Thus, De Leon Cifuentes's abuse is consistent with acts of private violence, which is insufficient to support a finding that she faced persecution based on a statutorily protected ground. *See Ruiz*, 440 F.3d at 1258.

## III.    CONCLUSION

For the reasons outlined above, De Leon Cifuentes's petition for review of the denial of her application for asylum and withholding of removal is **DENIED**.